**In re Nikolas Alexander JANOVSKI, Debtor.**

**Bankruptcy No. 88–02259.**
**Misc. No. 89–01420.**

United States Bankruptcy Court, S.D. Alabama.

Feb. 16, 1990.

———

Patricia Winston Hall, Mobile, Ala., for movant.

Irvin Grodsky, Mobile, Ala., for debtor.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN,
Bankruptcy Judge.

T.L. Paramanandhan (hereafter movant) and Nikolas Alexander Janovski (hereafter debtor) were formerly married. During their marriage, the movant and debtor established a $35,000.00 fund designed to pay the college education cost for their two minor children. The fund was subsequently incorporated into their divorce decree. The debtor borrowed from this fund prior to the divorce and has failed to satisfy his indebtedness to the fund. Subsequent to the divorce, the debtor filed a Chapter 11 bankruptcy petition. The Court found the debtor's obligation to the fund for $44,-823.45 *in the nature of support* and nondischargeable pursuant to 11 U.S.C. § 523(a)(5). The Court's decision is on appeal to the United States District Court for the Southern District of Alabama.

The movant filed the instant motion for relief from the automatic stay imposed by 11 U.S.C. § 362(a) to collect the $44,823.45 nondischargeable obligation to the children's college education fund although neither child is eligible for college at the present time. In the interim, the Illinois court awarding the divorce ordered the debtor to pay $10,000.00 in complete satisfaction of the debtor's on-going child support obligation and the debtor complied. Consequently, the debtor's on-going support obligation to the two children has been met. The obligation declared by the Court to be nondischargeable remains, however.

Section 523(a)(5) excepts from the debtor's discharge debts to a spouse, former spouse, or child of the debtor, "for alimony to, maintenance for, or support of such spouse or child." *Id.* However, the debt is nondischargeable to the extent it is "actually in the nature of alimony, maintenance, or support." 11 U.S.C. § 523(a)(5)(B).

The automatic stay imposed by 11 U.S.C. § 362(a) is one of the fundamental protections accorded to debtors by Congress. It reflects Congress' desire to provide a breathing spell from the pressures that drove the debtor into bankruptcy and protect creditors by preventing a disorderly depletion of the debtor's assets. See H.R. Rep. No. 595, 95th Cong., 1st Sess. 340, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6296. Congress, however, enacted exceptions to the automatic stay imposed by § 362(a) based upon public policy considerations. One such consideration was the potential hardship faced by those whose survival was linked to the receipt of continuous alimony, maintenance or support payments over a given period of time. See H.R.Rep. No. 595, 95th Cong., 1st Sess. 343, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6299. Fearful that the obligor-spouse's bankruptcy could lead to a severe hardship on the recipients of such payments, Congress enacted § 362(b)(2) to enable a spouse or child to receive on-going alimony, maintenance or support payments from non-estate property.

This case demonstrates a distinction between granting relief from the automatic stay under § 362(b)(2) and the determination of debts nondischargeable under § 523(a)(5). The on-going support award in the parties' divorce decree has been satisfied. The movant, however, is seeking to enforce a debt for an expense that has yet to become due and for which she nor the children have a present need. Thus, the potential hardship envisioned by Congress in enacting § 362(b)(2) does not exist.

This debt will survive the debtor's bankruptcy. Furthermore, there is no present need to collect the judgment. If the relief sought by the movant is granted at this time, the movant would be exalted to an unwarranted status at the expense of all other creditors and jeopardize the potential successful reorganization of the debtor. Accordingly, since the debtor's obligation to the children's college education is a debt excepted from the debtor's discharge under § 523(a)(5) and not an on-going support obligation within the meaning of § 362(b)(2), the movant's motion for relief from the automatic stay is due to be denied.